UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KETTERING ADVENTIST HEALTHCARE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-136 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| JADE DESIGNS, LLC, D/B/A FULLY PROMOTED, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING THIRD-PARTY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST THIRD-PARTY DEFENDANTS MANTA MARKETING I, LLC DBA FULLY PROMOTED OF PALM CITY/PORT SAINT LUCIE FL AND MICHAEL DEMEO (DOC. NO. 29)**

---

In this matter, Kettering Adventist Healthcare ("KHN") brought a Complaint (Doc. No. 1) (the "Complaint") against Jade Design, LLC, d/b/a Fully Promoted ("Fully Promoted") and Jennifer Snyder ("Snyder") (collectively, "Defendants" or "Third-Party Plaintiffs"), alleging several causes of action.  Defendants filed an answer and third-party complaint against Manta Marketing I, LLC, d/b/a Fully Promoted of Palm City/Port Saint Lucie FL ("Manta") and Michael Demeo ("Demeo") (collectively, "Third-Party Defendants") alleging that Third-Party Defendants would be liable for any damages found against Defendants. (Doc. No. 14.)  Currently before the Court is Third-Party Plaintiffs' Motion for Default Judgment against Third-Party Defendants Manta Marketing I, LLC, d/b/a Fully Promoted of Palm City/Port Saint Lucie FL and Michael Demeo (the "Motion").  (Doc. No. 29.)  In the Motion, Third-Party Plaintiffs seek an order of default judgment against Third-Party Defendants.  For the reasons discussed below, the Court

1

**GRANTS** the Motion.

I.    **BACKGROUND**

On May 3, 2021, KHN filed its Complaint against Defendants in the Southern District of Ohio pursuant 28 U.S.C. § 1332.  (Doc. No. 1.)  The Complaint alleges that, in March of 2020, KHN began communicating with Defendants, who are located in Colorado, in an effort to secure personal protective equipment ("PPE").  (*Id*. at PageID 4.)  Defendants represented that they would be able to provide KHN with N95 masks.  (*Id*.)  N95 masks are an approved form of respiratory protection and are tested and approved by the National Institute of Occupational Safety and Health ("NIOSH").  (*Id*. at PageID 3.)  N95 masks are subject to extensive review, and certification is a time-intensive process.  (*Id*. at PageID 3-4.)

Defendants represented that they could obtain 30,000 masks for KHN.  (*Id*. at PageID 4.)  On March 20, 2020, Defendants provided KHN with an order confirmation and KHN wired Defendants the purchase price of $86,700.  (*Id*. at PageID 5.)  Subsequently, KHN sought to obtain additional masks, and, on March 24, 2020, Defendants represented that they could obtain an additional 300,000 masks.  (*Id*.)  Defendants represented that all of the masks were NIOSH certified and provided an FDA "Certification of Registration."  (*Id*. at PageID 6.)  On March 27, 2020, KHN wired an additional $1,077,900 pursuant to an order confirmation from Defendants for the additional 300,000 masks.  (*Id*.)

During this time, Defendants offered to provide KHN with other medical supplies, including: KN95 masks, isolation gowns, thermometers, alcohol pads, and other items.  (Doc. No. 11, Gillum Decl., at ¶¶ 7-8, Ex. 5-6.)  On March 31, 2020, KHN purchased alcohol pads from Defendants.  (*Id*. at Gillum Decl., at ¶ 11.)

Over the course of the next five months, Defendants represented to KHN that they were

unable to deliver the previously ordered masks due to transportation issues and that they were working with other sources to obtain the masks. (Doc. No. 1 at PageID 7.) Defendants stated at various points that they were working with Honeywell and 3M to secure NIOSH-certified masks. (*Id*. at PageID 7-8.) In August of 2020, KHN asked for a full refund of the March 2020 mask orders. (*Id*. at PageID 9.) Defendants refunded part of the purchase price for the initial order, but withheld the remainder of the funds. (*Id*.) Defendants encouraged KHN to contact them again if future PPE needs arose and represented that their corporate offices had been able to obtain 3M-made N95 masks. (*Id*.)

With a second wave of COVID-19 cases in December 2020, KHN again reached out to Defendants to inquire about their ability to secure 300,000 N95 masks. (*Id*.) Defendants stated that they had 3M-manufactured masks available and, on December 10, 2020, KHN ordered 300,000 3M-manufactured NIOSH-certified N95 masks at a cost of $1,185,000. (*Id*. at PageID 10.) The order was delivered in December of 2020 and KHN began fit-testing the masks. (*Id*.) During this testing, KHN employees began to notice issues with the masks, including one employee suffering an allergic reaction. (*Id*.) On January 13, 2021, KHN contacted Defendants regarding its concerns. (*Id*. at PageID 11.) In response, Defendants provided a number of allegedly falsified 3M technical and verification documents. (*Id*.) KHN forwarded this documentation to 3M, who confirmed that the masks were counterfeits. (*Id*. at PageID 11-12.) In February and March of 2021, KHN demanded a full refund for the December 2020 order and Defendants refused. (*Id*.)

The Complaint alleges six counts: breach of contract, fraud and fraud in the inducement, negligent misrepresentation, conversion, replevin, and unjust enrichment. (Doc. No. 1 at PageID 13-19.) Third-Party Plaintiffs filed their Answer and Third-Party Complaint on November 1,

3

2021. (Doc. No. 14.) Summons were issued to Manta and Demeo on November 2, 2021 (Doc. No. 17), and the summons were returned executed on December 6, 2021 (Doc. No. 19). Third-Party Plaintiffs applied for default judgment against Manta on January 4, 2022 (Doc. No. 22) and against Demeo on February 11, 2022 (Doc. No. 25). The Clerk of Courts entered default judgment against Manta on January 7, 2022 (Doc. No. 23) and Demeo on February 15, 2022 (Doc. No. 26). Third-Party Plaintiffs filed the present Motion on May 26, 2022. (Doc. No. 29.) The Motion is ripe for decision.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides for default judgments. To obtain a default judgment against a party pursuant to Rule 55, there first must be an entry of default regarding that party. Fed. R. Civ. P. 55(a), (b); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is … the first procedural step on the road to obtaining a default judgment"). Next, the party seeking the default judgment must apply for one, either to the clerk (if the claim is for a sum certain or a sum that can be made certain by computation) or to the court (in all other cases). Fed. R. Civ. P. 55(b).

To enter a default judgment against a party, a court must have both subject matter jurisdiction over the action and personal jurisdiction over that party. *Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case"); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("[p]ersonal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment"); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). Additionally, the Court must be satisfied that the facts in the complaint state a claim for relief against that party. *Harrison v. Bailey*, No. 95-6263, 107 F.3d 870 (Table), 1997

4

WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("[d]efault judgments would not have been proper due to the failure to state a claim against these defendants"); *Anderson v. Johnson*, No. 98-1931, 194 F.3d 1311 (Table), 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) ("[e]ven if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"); *Parallax Advanced Research Corp. v. SPG Institute, Inc.*, No. 3:21-cv-133, 2021 WL 3634739, at *2 (S.D. Ohio Aug. 17, 2021) ("a default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted"). Once a default has been entered, the factual allegations in the complaint—other than those relating to the amount of damages—are accepted as true. *Parallax Advanced Research Corp.*, 2021 WL 3634739, at *2 (citing Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013)).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but it also may conduct a hearing or make a referral when "it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Finally, the Sixth Circuit has explained that, "[w]hen considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

### III. ANALYSIS

The Court is satisfied that it has jurisdiction over Third-Party Defendants. *See, e.g.*, 28 U.S.C. § 1332; Ohio Rev. Code § 2307.382(A)(1)-(3). Third-Party Defendants have been

5

unresponsive – failing to appear, plead, or defend against Third-Party Plaintiffs' complaint. *See Parallax Advanced Research Corp.*, 2021 U.S. Dist. LEXIS 154424, at *6 (courts are "more likely to grant a default judgment in cases where a defendant has been entirely unresponsive"). A default judgment is appropriate in this case, in light of Third-Party Defendants' failure to respond to the Third-Party Complaint, because Third-Party Plaintiffs state a plausible claim against the Third-Party Defendants. (Doc. No. 14.)

The Court is satisfied that the factual allegations contained in the Third-Party Complaint state a claim against Third-Party Defendants sufficient to show that Third-Party Plaintiffs are entitled to indemnity and contribution in the event of a judgment against them in this matter. However, the Court will defer a decision on damages until a decision is reached by the trier of fact or the parties come to a resolution. The Court will determine at that time whether a hearing to determine damages is necessary pursuant to Fed. R. Civ. P. 55(b)(2).

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Third-Party Plaintiffs' Motion for Default Judgment against Third-Party Defendants Manta Marketing I, LLC, d/b/a Fully Promoted of Palm City/Port Saint Lucie FL and Michael Demeo (Doc. No. 29).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, June 9, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE