### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **KETTERING ADVENTIST HEALTHCARE,** | : | |
| | : | Case No.: 3:21-cv-00136 |
| **Plaintiff,** | : | |
| | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| **JADE DESIGNS, LLC, D/B/A FULLY PROMOTED,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER RULE 55(A) AND SANCTIONS UNDER RULE 16(F).

Plaintiff Kettering Adventist Healthcare ("Kettering Health") moves for default judgment against Defendant Jade Designs, LLC dba Fully Promoted ("Fully Promoted") under Federal Rule of Civil Procedure 55(a) because Fully Promoted has failed to retain counsel to defend itself in this action as ordered by the Court. Kettering Health also moves for sanctions against Fully Promoted under Federal Rule of Civil Procedure 16(f)—including, but not limited to, a default judgment—due to Fully Promoted's failure to obey the Court's orders, including the Second Amended Preliminary Pretrial Conference Order (Doc. 58), and Fully Promoted's failure to attend the pretrial conference. A memorandum in support is attached.

Respectfully submitted,

*/s/Eric W. Richardson*
Eric W. Richardson (0066530)
   Trial Attorney
Jacob D. Mahle (0080797)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Tel: (513) 723-4000
Fax: (513) 723-4056
ewrichardson@vorys.com
jdmahle@vorys.com

*Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

**I.     Preliminary Statement**

Kettering Health is entitled to a default judgment against Fully Promoted on its pending claims for breach of contract and fraud in the inducement. This Court already entered judgment in favor of Kettering Health and against Fully Promoted on Kettering Health's breach-of-contract claim. Default judgment on damages for that claim, as well as Kettering Health's fraud claim, is appropriate for two reasons.

First, default judgment is appropriate under Federal Rule of Civil Procedure 55(a) because Fully Promoted has failed to defend this matter. This Court has ordered Fully Promoted to retain counsel on three separate occasions, as a business entity cannot litigate in federal court without representation. Fully Promoted has not retained counsel, and it does not appear that it intends to do so. This is reason alone to enter default judgment against Fully Promoted.

Second, default judgment is appropriate because Fully Promoted has violated this Court's orders related to preparation of the joint proposed final pretrial order ("FPO"). Kettering Health timely submitted its draft of the FPO to Fully Promoted, but Fully Promoted did not respond, which is a clear violation of Dayton General Order No. 1 and this Court's Second Amended Preliminary Pretrial Conference Order ("Pretrial Conference Order"). The FPO has now been filed without input from Fully Promoted. Fully Promoted did not contest any of the undisputed facts stated in the FPO, which facts plainly show that judgment in Kettering Health's favor is appropriate. Given that Fully Promoted has not retained counsel or observed any deadlines related to the final pretrial conference, it is likely that Fully Promoted will not attend the final pretrial conference on August 22, 2024. Fully Promoted's failure to observe this Court's pretrial orders, attend the pretrial conference, or dispute any of the uncontested facts in the FPO all justify a default judgment against it under Federal Rule of Civil Procedure 16(f).

## II. **Background**

Kettering Health filed its complaint in May 2021, asserting claims against Fully Promoted and its owner, Jennifer Snyder, for (1) breach of contract; (2) fraud in the inducement; (3) negligent misrepresentation; (4) conversion; (5) replevin; and (6) unjust enrichment. (*See generally* Doc. 1). After discovery, the parties filed cross-motions for summary judgment. The Court granted in part and denied in part Kettering Health's and Fully Promoted's motions in a June 2023 Entry and Order ("Order"). (Doc. 54 at PageID # 1018). Specifically, the Court entered judgment in Kettering Health's favor on its breach-of-contract claim against Fully Promoted but deferred "judgment on damages to a later time." (*Id.*) The Court then found that there were "genuine issues of material fact" as to Kettering Health's claim for fraud in the inducement against Fully Promoted and Defendant Jennifer Snyder. (*Id.* at PageID # 1019). The Court dismissed the remainder of Kettering Health's claims. (*Id.* at PageID # 1018).

The Court entered its Second Amended Preliminary Pretrial Conference Order in January 2024 to set deadlines related to trial in September 2024. (Doc. 58). The Court scheduled the pretrial conference for August 22, 2024, which triggered several other pretrial filing deadlines, such as the deadline to file the FPO. (*Id.*) Dayton General Order No. 1 provides additional deadlines related to the FPO, including Kettering Health's deadline to share its draft with Fully Promoted, Fully Promoted's deadline to respond, and the parties' deadline to meet and confer about any disagreements related to the FPO. (General Order No. 1 at 12-13).

On June 21, 2024, Defendants filed a motion for withdrawal of counsel, noting that Defendant Jennifer Snyder was contemplating bankruptcy, and that Fully Promoted had dissolved or was in the process of dissolving. (Doc. 59, ¶¶ 4-5). The parties discussed that motion with the Court at the status conference on June 25, 2024. The Court stated during the status call that the

2

motion to withdraw would be granted on the condition that Defendants provided Kettering Health and the Court complete address information for both Defendants. The Court reiterated this condition in a June 25, 2024 Notation Order. The Court also stated during the June 25 conference that Fully Promoted must retain counsel, as corporate defendants cannot appear pro se. In July, Defendants provided Kettering Health with the requisite contact information, and their attorneys withdrew, which is reflected in the Court's July 25, 2024 Notation Order. As the Court had stated during the June 25 conference, the Court's July 25 Notation Order again specifically advised Fully Promoted that it must retain counsel, as "[c]orporate entities cannot appear pro se."

On July 19, 2024, Jennifer Snyder filed for bankruptcy. (Doc. 64). As a result, the Court stayed the claims against her. (*Id.*) Because there was "no indication that [Fully Promoted] ha[d] filed for bankruptcy or taken any action that would warrant a stay as to the company[,]" the Court found that "this matter will proceed . . . with regard to" Fully Promoted. (*Id.*) The Court again advised Fully Promoted that it must retain counsel. (*Id.*, n.1).

On July 30, 2024, Ms. Snyder filed a "Notice of Bankruptcy Case," informing the Court that she had declared bankruptcy, which the Court had already observed, and that she "dissolved" Fully Promoted. (Doc. 67). The Court found "that the dissolution of [Fully Promoted] does not bar this matter from continuing." (*Id.* at PageID # 1067). The Court again advised Fully Promoted that it must retain counsel to "continue in this case." (*Id.* at PageID # 1067, n.2).

In the meantime, Kettering Health has complied with the deadlines in the Court's Pretrial Conference Order. The FPO was due—and timely filed by Kettering Health—on August 12, 2024, and the final pretrial conference is August 22, 2024. (Doc. 58 at PageID # 1030). Kettering Health timely sent its draft of the FPO to Fully Promoted's registered agent via email and U.S. mail. (Declaration of Eric W. Richardson ¶ 3). Fully Promoted was required to respond "at least ten

3

working days before the order [was] to be filed[,]" which was July 29, 2024. (General Order No. 1 at 12-13). Fully Promoted did not—and has not—responded or otherwise conferred with Kettering Health. Fully Promoted likewise did not dispute any of the uncontested facts in the FPO. As a result, Kettering Health filed the FPO on August 12, 2024. (Doc. 68). Fully Promoted still has not retained substitute counsel since its original counsel withdrew.

Kettering Health now moves for default judgment due to Fully Promoted's failure to retain counsel to defend the claims against it; Fully Promoted's failure to abide by the Court's orders, including the Pretrial Conference Order and Dayton General Order No. 1; and Fully Promoted's failure to dispute any of the uncontested facts in the FPO, which facts show that judgment in Kettering Health's favor is appropriate.

### III. Argument

#### A. The Court Should Enter Default Judgment Against Fully Promoted.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment or affirmative relief is sought has failed to . . . otherwise defend" entry of default is appropriate. Under Federal Rule of Civil Procedure 16(f), the Court "[o]n motion or on its own, . . . issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2) allows the court to prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing matters in evidence." Fed. R. Civ. P. 37(b)(2)(ii). It also allows the Court to render "a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(vi). Moreover, this Court "has the inherent power to protect the due and orderly administration of justice and maintain the authority and dignity of the court." *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (cleaned up).

4

In *HMP Automobile Consultants, LLC v. Pierce Property Group, LLC*, the defendant limited liability company's attorney withdrew during discovery. No. 5:17-CV-226-KKC, 2018 U.S. Dist. LEXIS 74278, at *2 (E.D. Ky. May 2, 2018). The court advised the defendant that it must retain counsel to proceed because "[i]t is well settled that a corporation may appear in the federal courts only though licensed counsel." *Id.* at *2-4. The defendant failed to retain counsel, respond to the plaintiff's discovery requests, or otherwise participate in the action. As a result, the court found that "[e]ntry of default [was] appropriate both under Rule 55(a) for failure to defend th[e] action and under Rule 16(f) as a sanction." *Id.* at *4. The court gave the defendant "seven days to show cause why default should not be entered." *Id.* at *5.

Other courts in the Sixth Circuit do the same when a corporate defendant fails to retain counsel. *See also Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-1929, 2017 U.S. Dist. LEXIS 162412, at *5 (M.D. Tenn. July 28, 2017), *report and recommendation adopted*, No. 3:14-CV-1929, 2017 U.S. Dist. LEXIS 162409, at *12 (M.D. Tenn. Oct 2, 2017) (holding a corporate defendant had failed to "otherwise defend" by not retaining counsel, warranting entry of default "for that reason alone."); *Dow Corning Corp. v. Jie Xiao*, No. 11-10008, 2013 U.S. Dist. LEXIS 110961, at *17 (E.D. Mich. Aug. 7, 2013) (same).

A default judgment is also appropriate as a sanction under Rule 16(f) when a defendant fails to comply with the Court's orders, including pretrial deadlines set by the Court, or attend a pretrial conference. For example, in *Medarbor, LLC v. Mustapha Moulad Chikh*, the court ordered the defendant "to show cause within fourteen days why the Clerk should not enter default against him as a sanction for failure to attend the Preliminary Pretrial Conference." *Medarbor, LLC v. Mustapha Moulad Chikh*, No. 2:18-cv-1249, 2019 U.S. Dist. LEXIS 155030, at *1 (S.D. Ohio Sep. 11, 2019), *report and recommendation adopted*, No. 2:18-cv-1249, 2019 U.S. Dist. LEXIS

5

172234 (S.D. Ohio Oct. 3, 2019). Similarly, in *Williams v. PBI Bank*, the court entered default judgment against a limited liability company as a sanction under Rule 16(f) because it failed to retain counsel as ordered by court and attend a pretrial conference. *Williams v. PBI Bank*, No. 3:13-cv-1166-DJH-CHL, 2017 U.S. Dist. LEXIS 217762, at *23-27 (W.D. Ky. Feb. 28, 2017), *report and recommendation adopted*, No. 3:13-cv-1166-DJH-CHL, 2017 U.S. Dist. LEXIS 217779, at *4 (W.D. Ky. Sep. 8, 2017); *see also In re Leonard*, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders).

Here, the Court should enter a default judgment against Fully Promoted under Rule 55(a) and Rule 16(f). Fully Promoted's counsel withdrew in July. On three separate occasions, the Court has ordered Fully Promoted to retain counsel "to continue in this case" because "[c]orporate entities cannot appear pro se": (1) in its July 25, 2024 Notation Order; (2) in its July 31, 2024 Entry and Order Staying Actions as to Defendant Jennifer Snyder (Doc. 64); and (3) in its August 5, 2024 Entry and Order as to Trial Schedule (Doc. 67). Fully Promoted has not retained counsel. As in *HMP Automobile Consultants, LLC v. Pierce Property Group, LLC*, *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, and *Dow Corning Corp. v. Jie Xiao*, default against Fully Promoted is warranted for that reason alone.

Moreover, default judgment is appropriate under Rule 16(f) because Fully Promoted has failed to comply with the Court's orders, including Dayton General Order No. 1 and the Pretrial Conference Order (Doc. 58). Kettering Health timely sent its draft of the FPO to Fully Promoted's registered agent via email and U.S. mail on July 22. (Richardson Decl. ¶ 3). Under Dayton General Order No. 1, Fully Promoted was required to return the FPO to Kettering Health on July 29. (General Order No. 1 at 12-13).

6

To date, Fully Promoted has not returned the FPO or otherwise indicated that it intends to do so. (*Id.* ¶ 5). Fully Promoted did not attempt to meet and confer with Kettering Health by August 5 as required by the Court's orders, *see* Doc. 58; *see also* General Order No. 1 at 13, or attempt to communicate with Kettering Health about the joint proposed FPO in any way. (Richardson Decl. ¶ 4). Kettering Health has now timely filed its draft of the joint proposed FPO. (Doc. 68) Given Fully Promoted's failure to retain counsel or participate in the pretrial process, Kettering Health does not anticipate that Fully Promoted will attend the final pretrial conference on August 22.

Because Fully Promoted has failed to abide by this Court's pretrial orders, contest the undisputed facts listed in the FPO, and will likely fail to attend the pretrial conference, default judgment is appropriate as a sanction under Rule 16(f). *See* Fed. R. Civ. P. 16(f)(1)(A), (C); *see also Medarbor*, 2019 U.S. Dist. LEXIS 155030, at *1; *Williams v. PBI Bank*, 2017 U.S. Dist. LEXIS 217762, at *23-27.

### B. The Court Can Enter Default Judgment Against Fully Promoted Without a Hearing.

The Court can enter default judgment against Fully Promoted without a hearing on damages because Kettering Health's damages can be readily calculated by reference to undisputed evidence. "A court's determination of damages in a default judgment depends on whether the damages are calculable or liquidated. If the damages are calculable or liquidated, then the court will award the calculable damages to the plaintiff ***without an evidentiary hearing*** because the facts establishing the damage are not distinct from the facts establishing liability." *Bds. of Trs. of the Ohio Laborers' Fringe Benefits Programs v. Freisthler Paving, Inc.*, No. 218-cv-1463, 2019 U.S. Dist. LEXIS 148393, at *3 (S.D. Ohio Aug. 30, 2019) (emphasis added); *see also Scurlock v. Fletcher's Towing, Inc.*, No. 2:18-cv-064, 2018 U.S. Dist. LEXIS 198339, at *3 (S.D. Ohio Nov.

7

21, 2018) ("An evidentiary hearing is *not* a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." (emphasis added)).

For example, in *Wood v. Bronzie*, the Court entered default judgment on the plaintiff's breach-of-contract claim "in the sum certain amount of $152,500.00." No. 1:20-cv-231, 2020 U.S. Dist. LEXIS 125382, at *1 (S.D. Ohio July 16, 2020). "[T]he amount claimed [was] supported by the Complaint, the Purchase and Home Construction Agreement, and" declarations. *Id.* at *3. Because the amount was "capable of ascertainment from definite figures contained in the documentary evidence, a hearing on damages [was] not required." *Id.*; *see also IGS Solar, LLC v. Seraphim Solar USA Mfg.*, No. 2:19-cv-298, 2019 U.S. Dist. LEXIS 172111, at *6 (S.D. Ohio Oct. 2, 2019) (entering default judgment without damages hearing because the plaintiff "demonstrated that it [was] entitled to a sum certain of $8,229,383 under the parties' contract . . . .").

**1. Kettering Health Is Entitled to Compensatory Damages.**

Kettering Health has two pending claims against Fully Promoted: (1) breach of contract; and (2) fraud in the inducement. (Doc. 54 at PageID # 1018-19). The Court has already found Fully Promoted liable for breach of contract. (*Id.* at PageID # 1018). A hearing is not necessary to determine Kettering Health's damages for breach of contract or its claim against Fully Promoted for fraud in the inducement. As for the breach-of-contract claim, Kettering Health is entitled to "recover[] so much of the [contract] price as has been paid[,]" plus incidental damages as provided in R.C. 1302.86. *See* R.C. 1302.85(A)(1). "Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation, and care and custody of goods rightfully rejected . . . ." R.C. 1302.89(A).

8

It is undisputed that Kettering Health paid $1,180,000 for the masks at issue, and that Fully Promoted did not return that payment despite Kettering Health's demands—Trisha Gillum, Kettering Health's Executive Director of Supply Chain Materials and Distribution testified as much in her declaration (Doc. 35-1); Fully Promoted did not dispute these facts in opposing Kettering Health's motion for summary judgment or in its own motion for summary judgment (*see* Docs 36, 41); the Court found that Kettering Health paid $1,180,000 in its Order, and that Fully Promoted did not return that payment (Doc. 54, PageID # 997-98); and Fully Promoted has further conceded these facts as undisputed by not responding to Kettering Health's draft of the FPO, which plainly lists these facts as undisputed. (Doc. 68 at PageID # 1070-72).

Kettering Health's incidental damages are likewise undisputed. Kettering Health incurred $47,582 in fit testing costs related to the masks. Kettering Health is required to conduct fit testing under applicable regulations and industry standards to inspect the masks and ensure that they function properly. (Declaration of Jeff Clinger, ¶¶ 3-5). Kettering Health reasonably incurred these costs to fit its employees to the masks at issue, and to fit its employees to new masks after determining that the masks at issue were counterfeit and non-conforming. (*Id.* ¶ 7). Jeff Clinger, Kettering Health's Manager of Employee Health, who oversaw the fit testing for which Kettering Health seeks reimbursement, has testified as to the relevant fit-testing costs that Kettering Health incurred. (*Id.* ¶¶ 6-7). Moreover, Kettering Health's draft of the joint proposed FPO lists these costs as undisputed, and Fully Promoted has not responded to argue otherwise. (Doc. 68 at PageID # 1072).

Because these sums are "capable of ascertainment from definite figures contained in the documentary evidence," the Court can award Kettering Health $1,180,000 in damages for the

9

purchase price of the masks, and $47,582 in incidental damages, representing fit testing costs related to the masks. *See Wood*, 2020 U.S. Dist. LEXIS 125382, at *1.[1]

The damages analysis related to Kettering Health's fraud-in-the-inducement claim is functionally the same. "[T]he usual remedy for fraud in the inducement is the rescission of the contract." *Waterford Prods. Co. v. Victor*, No. 98-L-029, 1999 Ohio App. LEXIS 6121, at *17 (Dec. 17, 1999). The parties are "restored to the position they would have occupied had no contract existed." *Rosepark Props. v. Buess*, 855 N.E.2d 140, 156 (Ohio Ct. App. 2006). Thus, Kettering Health is entitled to recover the $1,180,000 contract price and $47,582 in fit testing costs under this claim as well. The Court can either award these defined amounts in the context of either of Kettering Health's pending claims.

### 2. Kettering Health Is Entitled to Attorney Fees under Rule 16(f)(2).

Kettering Health is also entitled to an award of fees and costs incurred as a result of Fully Promoted's failure to participate in the pretrial process or comply with the Court's orders. Federal Rule of Civil Procedure 16(f)(2) directs the Court to order the disobedient party to pay the other party's "reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule":

> Instead of or in addition to any other sanction, the court ***must*** order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 16(f)(2) (emphasis added).

Here, Kettering Health has incurred (or will incur) several categories of expenses because of Fully Promoted's failure to abide by the Court's pretrial orders: drafting the FPO; assembling

---

[1] Kettering Health is also entitled to pre- and post-judgment, which amounts are readily calculable. *See* R.C. 1343.03(A); *see also* 28 U.S.C. 1961(a).

10

exhibits for disclosure in connection with the FPO and use at trial; preparing for the pretrial conference; traveling to and attending the pretrial conference; and drafting this motion. Kettering Health has also incurred attorney fees and costs to prepare for trial, which is now unlikely to take place due to Fully Promoted's absence. If the Court determines that an award of fees is appropriate in connection with the default judgment against Fully Promoted, Kettering Health will submit a properly supported motion for attorney fees for the Court's consideration.

## IV. Conclusion

For these reasons, the Court should enter default judgment in Kettering Health's favor and against Fully Promoted, awarding $1,227,582 in compensatory damages, plus punitive damages, attorney fees, and pre- and post-judgment interest.

Respectfully submitted,

*/s/Eric W. Richardson*
Eric W. Richardson (0066530)
   Trial Attorney
Jacob D. Mahle (0080797)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Tel: (513) 723-4000
Fax: (513) 723-4056
ewrichardson@vorys.com
jdmahle@vorys.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was served on the following via U.S. mail:

Jennifer Snyder
2660 Susan Drive
Loveland, CO 80537

*Contact and Registered Agent for Defendant*
*Jade Designs, LLC*

               */s/Eric W. Richardson*
                Eric W. Richardson