# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

|  |  |  |
|---|---|---|
| **KETTERING ADVENTIST HEALTHCARE,** | : | Case No.: 3:21-cv-00136 |
|  | : |  |
| **Plaintiff,** | : | Judge Thomas M. Rose |
|  | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : |  |
|  | : |  |
| **JADE DESIGNS, LLC, D/B/A FULLY PROMOTED,** *et al.*, | : |  |
|  | : |  |
| **Defendants.** | : |  |

---

### ENTRY GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Kettering Adventist Healthcare ("Plaintiff") brought the instant Complaint (Doc. No. 1) (the "Complaint") against Jade Designs, LLC d/b/a Fully Promoted ("Fully Promoted") and Jennifer Snyder ("Snyder") (collectively, "Defendants"), alleging several causes of action relating to Plaintiff's attempts to purchase suitable masks from Defendants for use in its hospitals.  The Court previously entered judgment in Plaintiff's favor on its breach-of-contract claim against Fully Promoted but deferred "judgment on damages to a later time." (Doc. No. 54 at PageID 1018). Present before the Court is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(a) and for Sanctions under Federal Rule of Civil Procedure 16(f) (Doc. No. 69) against Fully Promoted.[1]  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Default Judgment and for Sanctions against Fully Promoted.

---

[1]      On July 19, 2024, Snyder filed for bankruptcy.  (Doc. No. 64.)  As a result, the Court stayed the claims against her.  (*Id.*)  Because there was "no indication that [Fully Promoted] ha[d] filed for bankruptcy or taken any action that would warrant a stay as to the company[,]" this matter has proceeded against Fully Promoted. (*Id.*)

In January 2024, the Court entered its Second Amended Preliminary Pretrial Conference Order to set deadlines related to trial in September 2024.  (Doc. No. 58).  The Court scheduled the pretrial conference for August 22, 2024, which triggered several other pretrial filing deadlines, such as the deadline to file the final pretrial order ("FPO").  (*Id.*)  Dayton General Order No. Day 12-01 provides additional deadlines related to the FPO, including Plaintiff's deadline to share its draft with Fully Promoted, Fully Promoted's deadline to respond, the parties' deadline to meet and confer about any disagreements related to the FPO, and requires attorneys who will participate in trying the case to attend the final pretrial conferences.  (General Order No. Day 12-01 at 12-13).

Effective July 25, 2024, Fully Promoted's counsel withdrew from representing Fully Promoted in this matter.  Because a corporate entity must have representation to proceed, *see Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984), the Court directed Fully Promoted to retain counsel no less than three times: (1) in its July 25, 2024 Notation Order; (2) in its July 31, 2024 Entry and Order Staying Actions as to Snyder, (Doc. No. 64); and (3) in its August 5, 2024 Entry and Order as to Trial Schedule, (Doc. No. 67). Notwithstanding, Fully Promoted has not retained counsel.  Additionally, Fully Promoted disregarded its pretrial obligations pursuant to General Order No. Day 12-01 by failing to return the FPO to Plaintiff, failing to meet and confer with Plaintiff, disregarding Plaintiff's communications about the FPO, and failing to appear for the parties' final pretrial conference.  (Doc. No. 69-1, ¶ 4-5).

Pursuant to Fed. R. Civ. P. 55(a), entry of default is appropriate "[w]hen a party against whom a judgment or affirmative relief is sought has failed to . . . otherwise defend[.]"  Further, under Fed. R. Civ. P. 16(f), the Court may "[o]n motion or on its own, . . . issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other

pretrial order." Fed. R. Civ. P. 37(b)(2)(vi) allows the Court to render "a default judgment against the disobedient party." *See also Renewable Energy Equip. Leasing, LLC v. Team Gemini, LLC*, No. 2:14-cv-2687, 2017 U.S. Dist. LEXIS 128983, at *7 (S.D. Ohio Aug. 14, 2017) ("[I]t is well-established that a federal court has the inherent authority to grant [default judgment] when the circumstances warrant as much."). For the reasons discussed above, the Court finds Plaintiff's motion for default judgment well-taken.

Further, the Court finds Plaintiff entitled to $1,180,000 in compensatory damages and $47,482 in incidental damages, in addition to pre- and post-judgment interest because Plaintiff's damages are "capable of ascertainment from definite figures contained in the documentary evidence." *Wood v. Bronzie*, No. 1:20-cv-231, 2020 U.S. Dist. LEXIS 125382, at *1 (S.D. Ohio July 16, 2020). Plaintiff presented testimony that it paid $1,180,000 for the masks at issue, (*see* Doc. No. 35-1; *see also* Doc. Nos. 36, 41), and that Plaintiff incurred $47,582 in fit- testing costs related to the masks. (Doc. No. 69-2, ¶¶ 3-5). These figures were not contested by Fully Promoted in the parties' summary judgment briefing, in the parties' FPO (Doc. No. 68), or through a response to Plaintiff's motion for default judgment and for sanctions.

For the reasons stated above, the Court **ORDERS** that:

1. Default is entered against Fully Promoted;

2. Plaintiff's Motion for Default Judgment and Sanctions is **GRANTED**, such that:

   a. Plaintiff is awarded compensatory damages in the amount of $1,180,000 for the undisputed amount it paid for the masks.

   b. Plaintiff is awarded incidental damages in the amount of $47,582 for its undisputed fit testing costs.

   c. Plaintiff is awarded pre- and post-judgment interest.

3

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 11, 2024.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE